LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-01211 BRO (RZx) | Date | August 7, 2014 |
|---|---|---|---|
| Title | LING TIE V. PENG CHAN ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

A federal court must determine its own jurisdiction even if there is no objection. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to 28 U.S.C. § 1332. Under § 1332(a)(2), a federal district court has jurisdiction over a civil action between citizens of a state and citizens or subjects of a foreign state where the matter in controversy exceeds $75,000.

In his Complaint, Plaintiff Ling Tie asserts that there is complete diversity of citizenship between the parties because Plaintiff is a citizen of China and Defendants are all citizens of California. (Compl. ¶ 1.) Because Plaintiff is a foreign citizen, however, complete diversity would be destroyed if any Defendant is also a foreign citizen. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999) (stating that the presence of an alien on each side of a lawsuit destroys complete diversity under 28 U.S.C. § 1332(a)(2)). One of the Defendants, MBLT Investments, LLC, is a limited liability company. (Compl. ¶ 7.) For purposes of determining diversity of citizenship, a limited liability company is considered to be a citizen of every state of which its members are citizens. *See Johnson v. Columbia Props. Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Should any member of MBLT Investments, LLC be a foreign citizen, complete diversity would be destroyed, and the Court would lack subject matter jurisdiction under 28 U.S.C. § 1332(a)(2).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-01211 BRO (RZx) | Date | August 7, 2014 |
|---|---|---|---|
| Title | LING TIE V. PENG CHAN ET AL. | | |

    Without more information regarding the membership of MBLT Investments, LLC, it remains unclear whether the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  The Court therefore **ORDERS** Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  Plaintiff must respond by **9:00 a.m. on August 14, 2014**.

    **IT IS SO ORDERED.**

:

Initials of Preparer     rf