LINK:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 14–01211 BRO (RZx)** | Date | December 12, 2014 |
|---|---|---|---|
| Title | **LING TIE V. PENG CHAN ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** |
|---|---|

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**        (IN CHAMBERS)

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS [19, 20]

## I.      INTRODUCTION

Pending before the Court are two separate motions: (1) Defendant Peng Chan's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim[1] (Dkt. No. 19); and (2) Defendants Harvinder Sandhu and Dinesh Sharda's joint Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7)[2] (Dkt. No. 20).  After considering the papers filed in support of and in opposition to the instant motions, the Court deems these matters appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **DENIES** Chan's Motion to Dismiss and **GRANTS in part and DENIES in part** Sandhu and Sharda's Motion to Dismiss.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Ling Tie ("Plaintiff") is a citizen of the People's Republic of China.  (First Am. Compl. ("FAC") ¶ 1.)  In February 2012, Plaintiff retained Defendant Peng Chan ("Chan") as legal counsel to help him obtain a green card and become a permanent United States resident.  (*Id.* ¶ 8.)  Under the parties' legal services agreement (*see id.* Ex. A), Chan agreed to assist Plaintiff in filing an EB-5 petition (*id.* ¶ 8).  The United States Citizenship and Immigration Services ("USCIS") administers the Immigration Investor

---

[1] The Court will refer to this motion as "Chan's Motion to Dismiss."

[2] The Court will refer to this motion as "Sandhu and Sharda's Motion to Dismiss."

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14–01211 BRO (RZx)** | Date | December 12, 2014 |
|---|---|---|---|
| Title | **LING TIE V. PENG CHAN ET AL.** | | |

Program, also known as EB-5, to encourage capital investment by foreign citizens. (*Id.*) To qualify, a foreign investor must invest in a new commercial enterprise, as well as satisfy various job creation and capital investment requirements. (*Id.*)

Chan is a California resident and an attorney licensed to practice law in South Carolina. (*Id.* ¶¶ 6, 8, 26.) Chan is not licensed in California, but he maintains a law office in Pasadena, California. (*Id.* ¶¶ 8, 27.) According to Plaintiff, Chan represented himself as an immigration attorney practicing law in California. (*Id.*)

As part of the EB-5 petition, Chan devised a business plan for Plaintiff to invest in an Arco gas station, AM/PM mini mart, and restaurant. (*Id.* ¶ 9.) Chan apparently represented that Defendants Harvinder Sandhu ("Sandhu") and Dinesh Sharda ("Sharda") would also invest in the business venture, and that these individuals were trustworthy business partners because Chan had known them for eighteen years. (*Id.*) To aid the venture, Plaintiff wired $1,800 to Chan on March 1, 2012. (*Id.* ¶ 10.) Plaintiff believed Chan needed the money to form a California corporation to fund the investment project. (*Id.*) According to the FAC, Chan did not form a corporation but instead used the money to form a limited liability company known as MBLT Investments, LLC ("MBLT").[3] (*Id.*) The operating agreement for MBLT lists Sandhu as the company's president and chief executive officer and designates Sharda as its secretary. (*Id.*; *see also id.* Ex. C at 7–8.) Sandhu and Sharda are the only members and owners of MBLT; Plaintiff has no ownership interest in the company. (*Id.* Ex. C at 8.)

Nevertheless, Plaintiff alleges he believed he was a member of MBLT until 2014 based on various representations by Chan. (*Id.* ¶¶ 10, 12.) Apparently, Chan told Plaintiff he would own an 8% interest in MBLT in exchange for investing $500,000 in the company. (*Id.* ¶ 12.) Chan also told Plaintiff that Sandhu and Sharda would invest $500,000 and $100,000, respectively, in exchange for 80% and 12% ownership shares. (*Id.*; *see also id.* Ex. E.) Based on these representations, Plaintiff deposited $500,000 in a bank account he believed Chan had opened on MBLT's behalf. (*Id.* ¶¶ 11, 13; *see also id.* Exs. D, F.) Plaintiff apparently believed the account was a secure escrow account.

---

[3] MBLT is a defendant in this matter, but it has not joined either of the instant Motions to Dismiss.

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 14–01211 BRO (RZx)** | Date | December 12, 2014 |
| --- | --- | --- | --- |
| Title | **LING TIE V. PENG CHAN ET AL.** | | |

(*Id.* ¶¶ 11, 13.)  But according to the FAC, an individual named Emile Auguste, Jr. ("Auguste")[4] actually controlled the account.  (*Id.* ¶ 11.)

In March 2013, Chan sent Plaintiff various documents, including a subscription agreement, an escrow agreement, and an offering circular.  (*Id.* ¶ 14.)  Plaintiff alleges that Chan, Sandhu, and Sharda represented that his $500,000 investment would be returned to him if USCIS did not approve his petition or if he asked to withdraw from MBLT.  (*Id.* ¶¶ 14–15; *see also id.* Exs. G, H.)  Plaintiff alleges that he signed the agreements in reliance on these representations.  (*Id.* ¶ 14.)

On May 4, 2013, Plaintiff asked Chan about the status of his EB-5 petition and the MBLT investment project.  (*Id.* ¶ 16.)  Chan responded two days later and guaranteed that Plaintiff's "money [was] safe and none of it has been spent at this point."  (*Id.*)  Chan also reaffirmed that Sandhu and Sharda had agreed to refund Plaintiff's $500,000 if the MBLT venture failed.  (*Id.*)  In late June 2013, Plaintiff discovered that the bank account was not an escrow account for MBLT and was under Auguste's control.  (*Id.* ¶ 17.)  Around the same time, Plaintiff also discovered that Auguste had taken $500,000 from the account.  (*Id.*)

Believing Chan, MBLT, Sandhu, and Sharda violated his rights, Plaintiff initiated this lawsuit on June 12, 2014, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.  (Dkt. No. 1.)  Plaintiff filed the FAC on August 19, 2014.  (Dkt. No. 12.)  The FAC brings eight state law claims for relief.  With respect to Chan, Plaintiff alleges claims for: (1) professional negligence; (2) unauthorized practice of law; (3) breach of contract; (4) breach of fiduciary duty; (5) fraud; and (6) negligent misrepresentation. (*See* FAC ¶¶ 19–40, 46–64.)  Plaintiff also alleges Sandhu and Sharda are liable for breach of written and oral contracts,[5] as well as fraud.  (*Id.* ¶¶ 41–54, 65–68.)

On October 23, 2014, Chan moved to dismiss Plaintiff's claim for unauthorized practice of law under Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 19.)  About

---

[4] Auguste is not a party to this lawsuit.

[5] Plaintiff has named MBLT on the breach of written contract claim (*see id.* ¶¶ 41–45), but MBLT has not joined Sandhu and Sharda's Motion to Dismiss.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14–01211 BRO (RZx) | | Date | December 12, 2014 |
|---|---|---|---|---|
| Title | LING TIE V. PENG CHAN ET AL. | | | |

two weeks later, Sandhu and Sharda moved to dismiss all three of Plaintiff's claims against them pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7).  (Dkt. No. 20.)  Plaintiff timely opposed both motions.[6]  (Dkt. Nos. 25, 26.)  Chan, Sandhu, and Sharda timely replied.  (Dkt. Nos. 28, 29.)

## III.   LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6).  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'"  *Id.*

In ruling on a motion to dismiss under Rule 12(b)(6), a court should follow a two-pronged approach: (1) first, discount conclusory statements, which are not presumed to be true; and (2) then, assuming any factual allegations are presumed true, determine

---

[6] Plaintiff asserts Sandhu and Sharda failed to meet and confer before filing their Motion to Dismiss and requests that the Court deny the motion on this basis.  (Pl.'s Opp'n to Sandhu and Sharda's Mot. to Dismiss at 15–16.)  Sandhu and Sharda do not deny violating Local Rule 7-3, which requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  C.D. Cal. L.R. 7-3.  Although the Court has discretion to deny Sandhu and Sharda's motion, *see Singer v. Live Nation Worldwide, Inc.*, SACV 11-0427 DOC, 2012 WL 123146, at *2, the Court declines to do so and will consider the motion on the merits.  But the Court admonishes Sandhu and Sharda and directs these defendants to strictly comply with all Local Rules as this matter proceeds.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14–01211 BRO (RZx)** | Date | December 12, 2014 |
|----------|---------------------------|------|-------------------|
| Title | **LING TIE V. PENG CHAN ET AL.** | | |

"whether they plausibly give rise to entitlement to relief."  *See id.* at 679; *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).  A court may consider the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *see also Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## B. Federal Rule of Civil Procedure 12(b)(7)

A party may move to dismiss a case for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7).  Joinder of parties under Rule 19 requires a three-step inquiry. *Salt River Project Agric. Improvement and Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012).  First, a district court must consider whether the absent party is "necessary" under Rule 19(a).  *Id.*  If so, then the court must consider whether it is "feasible" to order the absent party's joinder.  *Id.*  If joinder is not feasible, the court must consider whether the case can proceed without the absent party, or whether the absent party is "indispensable such that the action must be dismissed."  *Id.*

A party may be "necessary" under Rule 19(a) in three ways: (1) "if, in his absence, the court cannot accord complete relief among existing parties"; (2) "if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest"; or (3) "he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest."  *Id.*  "There is no precise formula for determining whether a particular non-party is necessary to an action; the determination will be heavily influenced by the facts and circumstances of each case."  *Biagro W. Sales, Inc. v. Helena Chem. Co.*, 160 F. Supp. 2d 1136, 1142 (E.D. Cal. 2001) (citing *Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991)).

If a party is necessary but cannot be joined, dismissal is only appropriate if the party is "indispensable" under Rule 19(b).  A party is indispensable if his "participation is so important to the resolution of the case that, if the joinder of the party is not feasible, the suit must be dismissed."  *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*,

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 14–01211 BRO (RZx)** | Date | December 12, 2014 |
|---|---|---|---|
| Title | **LING TIE V. PENG CHAN ET AL.** | | |

375 F.3d 861, 867 n.5 (9th Cir. 2004). Rule 19(b) sets forth four factors to consider in determining whether a party is indispensable:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b)(1)–(4).

## IV.   DISCUSSION

### A. Chan's Motion to Dismiss Under Rule 12(b)(6)

Plaintiff's second claim alleges Chan engaged in the unauthorized practice of law in violation of South Carolina Rule of Professional Conduct 5.5 and California Business and Professions Code section 6125. (FAC ¶¶ 25–30.) Chan seeks to dismiss this claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. As an initial matter, the Court notes that the parties have limited their arguments to whether the FAC states a claim for relief under section 6125. (*See generally* Chan's Mot. to Dismiss; Pl.'s Opp'n to Chan's Mot. to Dismiss.) Accordingly, the Court will not address whether the FAC states a claim for a violation of South Carolina Rule of Professional Conduct 5.5. For the reasons discussed below, the Court concludes that Plaintiff has adequately alleged a claim for the unauthorized practice of law in violation of section 6125.

### 1.   The Federal Regulations Governing Immigration Practice Do Not Authorize Chan's Activities as Alleged in the FAC

California Business and Professions Code section 6125 prohibits persons from practicing law in California "unless the person is an active member of the State Bar." Cal. Bus. & Prof. Code § 6125. California enacted section 6125 as part of the State Bar Act to regulate the practice of law within the state. *Birbrower, Montalbano, Condon & Frank v. Superior Court*, 17 Cal. 4th 119, 127 (Cal. 1998). "The prohibition against

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14–01211 BRO (RZx)** | Date | December 12, 2014 |
|---|---|---|---|
| Title | **LING TIE V. PENG CHAN ET AL.** | | |

unauthorized law practice is within the state's police power and is designed to ensure that those performing legal services do so competently." *Id.* Section 6126.5 confers a private right of action for individuals like Plaintiff "who obtained services offered or provided in violation of [s]ection 6125." Cal. Bus. & Prof. Code 6126.5(a).

Section 6125 does not define what it means to "practice law." *See Birbrower*, 17 Cal. 4th at 128. Case law has explained that the practice of law includes "the doing and performing services in a court of justice in any matter depending therein throughout its various stages and in conformity with the adopted rules of procedure." *Id.* (quoting *People v. Merchs.' Protective Corp.*, 189 Cal. 531, 535 (Cal. 1922), *overruled on other grounds by Frye v. Tenderloin Hous. Clinic, Inc.*, 38 Cal. 4th 23 (Cal. 2006)) (internal quotation marks omitted). Additionally, case law has clarified that the practice of law includes the giving of legal advice and the preparation of legal instruments and contracts, regardless of whether these services are rendered in the course of litigation. *Id.*

There are certain exceptions to section 6125's broad prohibition. *Id.* at 129. For example, section 6125 does not prohibit the practice of law before federal courts. *Id.* at 130 (citing *Cowen v. Calabrese*, 230 Cal. App. 2d 870, 872–73 (Cal. Ct. App. 1964) (finding that an attorney not admitted to the California state bar did not violate section 6125 by giving legal advice about a case pending before the United States Bankruptcy Court)). As the California Supreme Court explained in *Ex parte McCue*, 211 Cal. 57, 66 (Cal. 1930), "[t]he State Bar Act and other statutes enacted for the purpose of regulating the practice of law in [California] are applicable to our state courts only. The federal courts are governed entirely by federal enactment and their own rules as to admission and professional conduct."

Chan is licensed to practice law in South Carolina but not California. (FAC ¶¶ 8, 26.) Chan does not dispute that his alleged activities constitute the practice of law. (*See generally* Chan's Mot. to Dismiss.) Nevertheless, Chan argues that the FAC fails to state a claim under section 6125 because all of the allegations relate to his representation in connection with Plaintiff's EB-5 petition. (*Id.* at 6–7.) Chan asserts that the scope of the representation did not go beyond federal immigration practice, and that, accordingly, he did not violate section 6125. Plaintiff counters, arguing that Chan "overstepped the bounds" of federal immigration practice by

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14–01211 BRO (RZx) | | Date | December 12, 2014 |
|---|---|---|---|---|
| Title | LING TIE V. PENG CHAN ET AL. | | | |

advising him on various state law matters, such as business formation and contract law. (Pl.'s Opp'n to Chan's Mot. to Dismiss at 6–7.)

Federal law allows a member in good standing with any state bar to practice before the federal immigration court. *See* 8 C.F.R. §§ 1001.1(f); 1292.1(a)(1).[7] "Practice" before the federal immigration court "means the act or acts of any person appearing in any case, either in person or through the preparation or filing of any brief or other document, paper, application, or petition on behalf of another person or client before or with DHS, or any immigration judge, or the Board." *Id.* § 1001.1(i). "Practice" also includes "the study of the facts of a case and the applicable laws, coupled with the giving of advice and auxiliary activities, including the incidental preparation of papers." *Id.* § 1001.1(k), (m).

Having reviewed the federal regulations defining permissible federal immigration practice, the Court concludes that the FAC adequately pleads a violation of section 6125. The Court is mindful that the federal regulations permit any licensed attorney in good standing to file an application or petition, such as an EB-5 petition, on another person's behalf. *Id.* § 1001.1(i). The Court also recognizes that the regulations permit a licensed attorney to give advice and render "auxiliary" or "incidental" services to immigration practice. *Id.* § 1001.1(k). But the FAC alleges conduct by Chan going beyond these permissible activities. For example, the FAC alleges that Chan formed MBLT for Sandhu and Sharda's benefit rather than Plaintiff's, induced Plaintiff to deposit $500,000 into a bank account by misrepresenting the account's nature and owner, and lied to Plaintiff about MBLT's ownership structure. (FAC ¶¶ 9–13.) Read together and viewed in a light most favorable to Plaintiff, these allegations suggest Chan used his position as an attorney to deceive and take advantage of Plaintiff. (*Id.* ¶¶ 8–18.) In short, the allegations suggest Chan engaged in independently tortious conduct unconnected to any purported immigration representation.

---

[7] Under § 1001.1, the term attorney "means any person who is eligible to practice law in and is a member in good standing of the bar of the highest court of any State, possession, territory, or Commonwealth of the United States, or of the District of Columbia." *Id.* § 1001.1(f). Any attorney meeting § 1001.1(f)'s definition may represent another person before the Board of Immigration Appeals ("Board") and the Department of Homeland Security ("DHS"). *Id.* §§ 1001.1(c), (e); 1292.1(a)(1).

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14–01211 BRO (RZx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | LING TIE V. PENG CHAN ET AL. | | |

Accordingly, the Court cannot conclude that Chan's conduct was merely incidental to permissible federal immigration practice or the preparation of an EB-5 petition.  As alleged, Chan's activities were neither necessary to, nor in furtherance of, a legitimate EB-5 petition.  Rather, they were undertaken as part of an alleged scheme to defraud.  The federal regulations governing immigration practice cannot be read to authorize such conduct.

## 2.  The Federal Regulations Governing Immigration Practice Do Not Preempt Plaintiff's Section 6125 Claim

Chan also argues that federal law preempts section 6125 to the extent the law prohibits federal immigration practice, including incidental services, by attorneys not licensed in the State of California.  (*See* Chan's Mot. to Dismiss at 7; *see also* Chan's Reply at 3–4.)  This argument is unavailing and does not alter the Court's conclusion that the FAC adequately alleges a claim for the unauthorized practice of law under section 6125.

The Ninth Circuit has held that the federal regulations governing immigration attorneys do not preempt California's attorney regulations, including the state's disciplinary scheme for professional violations.  *See Gadda v. Ashcroft*, 377 F.3d 934, 946 (9th Cir. 2004).  In *Gadda*, the California Supreme Court disbarred an attorney licensed to practice law in the state because of various ethical violations he committed in connection with his federal immigration practice.  *Id.* at 940–41.  The Ninth Circuit then disciplined the attorney based on the state court disbarment order.  *Id.* at 942.  The attorney argued that the Ninth Circuit could not discipline him because the California Supreme Court lacked jurisdiction to disbar him.  *Id.* at 943.  Specifically, the attorney argued that federal law preempts California's authority to discipline or regulate the conduct of attorneys who exclusively practice federal immigration law.  *Id.* at 943–44.  The Ninth Circuit rejected this argument, concluding that the federal regulations for immigration attorneys do not preempt California's professional conduct rules.  *Id.* at 946.

Although *Gadda* considered California's jurisdiction to discipline attorneys practicing federal immigration law, its reasoning is equally persuasive with respect to private rights of action for the unauthorized practice of law.  Accordingly, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–01211 BRO (RZx) | | Date | December 12, 2014 |
|---|---|---|---|---|
| Title | LING TIE V. PENG CHAN ET AL. | | | |

Court concludes that the federal regulations governing immigration practice do not preempt claims under section 6125 such as Plaintiff's. The Court therefore **DENIES** Chan's Motion to Dismiss.

### B. Sandhu and Sharda's Motion to Dismiss Under Rule 12(b)(7)

Sandhu and Sharda seek to dismiss the FAC under Rule 12(b)(7). They argue that Auguste is a necessary party because he absconded with Plaintiff's $500,000. (Sandhu and Sharda's Mot. to Dismiss at 8.) But they do not address whether Auguste's joinder is feasible or whether he is indispensable to the action. (*See generally id.*) As the moving parties, Sandhu and Sharda bear the burden of demonstrating that Auguste is a necessary party, that his joinder is not feasible, and that he is indispensable such that the FAC must be dismissed. *See* Fed. R. Civ. P. 19; *see also Salt River Project*, 672 F.3d at 1179. Because Sandhu and Sharda have failed to address whether Auguste can be joined or whether he is indispensable, dismissal under Rule 12(b)(7) is inappropriate at this time.

As an alternative basis for denying Sandhu and Sharda's Motion to Dismiss under Rule 12(b)(7), the Court concludes that Auguste is not a necessary party to this action. The FAC does not allege any facts (and Sandhu and Sharda have not offered any) suggesting Auguste has an interest in the subject matter of this action such that proceeding without him will impair his rights or leave an existing party subject to multiple or inconsistent obligations. Moreover, the Court can accord complete relief without Auguste. With respect to the $500,000, Plaintiff has alleged the existence of oral and written contracts with MBLT, Sandhu, and Sharda to return this money upon Plaintiff's request. (FAC ¶¶ 41–45, 65–68.) That Auguste allegedly absconded with the funds does not discharge these three defendants' potential contract liability. Accordingly, the Court **DENIES** Sandhu and Sharda's Motion to Dismiss under Rule 12(b)(7) at this time.

### C. Sandhu and Sharda's Motion to Dismiss Under Rule 12(b)(6)

The FAC alleges three claims against Sandhu and Sharda, including two for breach of contract and one for fraud. (FAC ¶¶ 41–54, 65–68.) In addition to seeking dismissal under Rule 12(b)(7), Sandhu and Sharda move to dismiss these claims under Rule

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14–01211 BRO (RZx) | | Date | December 12, 2014 |
|----------|----------------------|--|------|-------------------|
| Title | LING TIE V. PENG CHAN ET AL. | | | |

12(b)(6). As discussed below, the Court finds that Plaintiff has failed to state a claim against Sandhu and Sharda for breach of written contract and fraud.

### 1. Plaintiff's Breach of Contract Claims

Plaintiff's fifth and eighth claims allege Sandhu and Sharda breached written and oral agreements to refund Plaintiff's $500,000 investment upon his request. (FAC ¶¶ 41–45, 65–68.) To state a claim for breach of contract under California law, Plaintiff must allege: (1) the existence of a valid contract between him and Sandhu and Sharda; (2) Plaintiff's performance or excuse for non-performance; (3) Sandhu and Sharda's breach; and (4) damages resulting from the breach. *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (Cal. Ct. App. 2008). The Court first addresses whether Plaintiff has adequately alleged a claim for breach of written contract against Sandhu and Sharda. The Court then addresses Plaintiff's breach of oral contract claim.

### i. Plaintiff Has Failed to State a Claim for Breach of Written Contract Against Sandhu and Sharda

Plaintiff alleges he entered a written agreement with MBLT, Sandhu, and Sharda on April 12, 2013. (FAC ¶ 42; *see also* Decl. of Cindy M. Tong ("Tong Decl.") Ex. 1.)[8] The agreement states that MBLT's "members have agreed that if at any time Ling Tie decides to withdraw from participation in the company, he will be entitled to the full amount of his capital investment of $500,000." (Tong Decl. Ex. 1.) Plaintiff alleges that in March 2014, he notified MBLT, Sandhu, and Sharda of his intent to withdraw from MBLT and requested that they return his $500,000 investment. (FAC ¶ 43.) These defendants have apparently failed to do so. (*Id.* ¶ 44.)

Sandhu and Sharda argue the FAC fails to state a claim against them because it does not demonstrate the first element of a prima facie case for breach of contract—the

---

[8] The FAC refers to this agreement as "Exhibit H." (*See* FAC ¶¶ 15, 42.) Plaintiff failed to attach Exhibit H to the FAC (*see generally id.*) but has offered it in connection with his Opposition to Sandhu and Sharda's Motion to Dismiss (*see* Tong Decl. ¶ 2, Ex. 1). The Court has considered Exhibit 1 in evaluating Sandhu and Sharda's motion because the FAC relies on it and incorporates it by reference. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *see also Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14–01211 BRO (RZx) | | Date | December 12, 2014 |
|---|---|---|---|---|
| Title | LING TIE V. PENG CHAN ET AL. | | | |

existence of a valid agreement.  (Sandhu and Sharda's Mot. to Dismiss at 4–5.)  The Court agrees.  "A limited liability company is a hybrid business entity formed under the Corporations Code and consisting of at least two 'members' who own membership interests.  The company has a legal existence separate from its members.  Its form provides members with limited liability to the same extent enjoyed by corporate shareholders."  *PacLink Commc'ns Int'l, Inc. v. Superior Court*, 90 Cal. App. 4th 958, 963 (Cal. Ct. App. 2001) (internal quotation marks and citations omitted).

According to the FAC, MBLT is a limited liability company whose sole two members are Sandhu and Sharda.  (FAC ¶¶ 7, 10.)  Plaintiff's breach of written contract claim alleges that "Tie, on one hand and MBLT, Sandhu, and Sharda, on the other hand, entered into the MBLT Agreement on April 12, 2013."  (FAC ¶ 42.)  But the agreement itself states that it was entered into "between the members of MBLT Investments, LLC." (Tong Decl. Ex. 1.)  The agreement's express terms demonstrate that Plaintiff contracted with MBLT, not Sandhu and Sharda.  As members of MBLT, Sandhu and Sharda have limited liability.  *See PacLink Commc'ns*, 90 Cal. App. 4th at 963.  Plaintiff therefore fails to state a claim against them for breach of written contract, and this failure cannot be cured by amendment.  Accordingly, the Court **DISMISSES** Plaintiff's fifth claim **with prejudice** to the extent it alleges Sandhu and Sharda's liability.[9]

### ii. Sandhu and Sharda Have Not Demonstrated Plaintiff's Failure to State a Claim for Breach of Oral Contract

Plaintiff's eighth claim alleges that in February 2012, Sandhu and Sharda "orally promised" to return Plaintiff's $500,000 investment upon his request.  (FAC ¶ 66.)  Plaintiff allegedly demanded they return his money in March 2014, but Sandhu and Sharda have refused to do so.  (*Id.* ¶ 67.)

Sandhu and Sharda argue that the statute of frauds bars Plaintiff's breach of oral contract claim.  (Sandhu and Sharda's Mot. to Dismiss at 6.)  Under California Civil Code section 1624, a contract promising to answer for the debt of another is invalid unless it is in writing and signed by the party to be charged.  Cal. Civ. Code § 1624(a)(2).

---

[9] The Court has not considered Plaintiff's breach of written contract claim against MBLT.  Accordingly, this Order does not affect that claim's validity.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14–01211 BRO (RZx)** | Date | December 12, 2014 |
|---|---|---|---|
| Title | **LING TIE V. PENG CHAN ET AL.** | | |

Sandhu and Sharda argue that the alleged oral agreement falls within California's statute of frauds because under the agreement, they promised to answer for MBLT's debt.

This argument lacks merit. The FAC alleges Sandhu and Sharda entered the oral agreement in February 2012. (FAC ¶ 66.) But the written agreement under which MBLT promised to return Plaintiff's investment money was not entered into until April 12, 2013. (*Id.* ¶ 42; *see also* Tong Decl. Ex. 1.) Thus, at the time of the alleged oral agreement, MBLT had not agreed to return Plaintiff's $500,000. Accordingly, Sandhu and Sharda could not have agreed to answer for MBLT's debt in February 2012, as no such debt existed. The Court therefore **DENIES** Sandhu and Sharda's request to dismiss Plaintiff's eighth claim for failure to comply with the statute of frauds.[10]

### 2. Plaintiff Has Failed to State a Claim for Fraud Against Sandhu and Sharda

A prima facie case for fraud requires a plaintiff to allege all of the following: (1) a material misrepresentation; (2) the defendant's knowledge of the falsity; (3) the defendant's intent to defraud; (4) the plaintiff's justifiable reliance; and (5) damages. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (Cal. 1996). A false promise may support a fraud claim. *Id.* This is because "[a] promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud." *Id.*

Plaintiff's sixth claim alleges Sandhu and Sharda committed fraud by making material misrepresentations to induce Plaintiff to invest in MBLT. (FAC ¶¶ 46–54.) Specifically, Plaintiff alleges that Sandhu and Sharda promised to return Plaintiff's $500,000 investment upon his demand. (*Id.* ¶¶ 14–15, 48.) Plaintiff also alleges Sandhu and Sharda promised that his investment was safe and personally guaranteed to refund the money upon his request. (*Id.* ¶ 49.) According to the FAC, Sandhu and Sharda knew

---

[10] Sandhu and Sharda also argue that Plaintiff's eighth claim contradicts his other allegations. In paragraph 14, Plaintiff alleges that on March 5, 2013, Sandhu and Sharda "orally confirmed" that Plaintiff would receive the $500,000 upon his request. (FAC ¶ 14.) In paragraph 66, Plaintiff alleges that Sandhu and Sharda made the same promise nearly one year earlier, in April 2012. (*Id.* ¶ 55.) Regardless of whether the oral agreement arose in April 2012 or March 2013, the statute of frauds does not apply because MBLT did not agree to return Plaintiff's money until April 12, 2013. (*Id.* ¶ 42.)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 14–01211 BRO (RZx)** | Date | December 12, 2014 |
|----------|---------------------------|------|-------------------|
| Title | **LING TIE V. PENG CHAN ET AL.** | | |

these representations were false and made them with the intent to induce Plaintiff to invest in the MBLT business venture. (*Id.* ¶¶ 48–52.)

Sandhu and Sharda seek to dismiss this claim on two grounds. First, they argue that the FAC fails to meet the heightened pleading standard applicable to claims for fraud. (Sandhu and Sharda's Mot. to Dismiss at 6–8.) Second, they argue that Plaintiff's fraud claim is not plausible because the FAC fails to allege that either defendant made any misrepresentations before Plaintiff deposited the $500,000 investment in the bank account set up by Chan. (*Id.*) The Court first addresses whether Plaintiff has satisfied Rule 9(b). The Court then addresses whether the FAC plausibly pleads a claim for fraud.

Rule 9(b) imposes a heightened pleading standard for fraud allegations and requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Rule 9(b)'s particularity requirement applies to state law claims. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). To plead fraud with particularity, the plaintiff must state the time, place, and specific content of the false representations. *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). The allegations "must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (internal quotation marks omitted). In essence, the defendant must be able to prepare an adequate answer to the allegations of fraud. *Odom*, 486 F.3d at 553. Where a plaintiff alleges fraudulent activity by more than one defendant, Rule 9(b) does not allow the plaintiff "to merely lump" together the allegations against the defendants collectively. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rather, the plaintiff must identify each defendant's role in the allegedly fraudulent scheme. *Id.* at 765.

As discussed above, Plaintiff's fraud claim against Sandhu and Sharda rests on two alleged misrepresentations. The allegation that Sandhu and Sharda promised Plaintiff his investment money was safe and personally guaranteed to refund it lacks particularity. (FAC ¶ 49.) Plaintiff has not alleged when or where Sandhu and Sharda made this promise. (*See generally id.*) That *Chan* told Plaintiff his money was "safe" and had not been spent, and that *Chan* "made further assurance to [Plaintiff] that Sandhu and Sharda will guarantee that the $500,000 will be fully refunded" (*id.* ¶ 16) cannot form the basis for a fraud claim against *Sandhu or Sharda*, even if these allegations satisfy Rule 9(b).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14–01211 BRO (RZx)** | Date | December 12, 2014 |
|---|---|---|---|
| Title | **LING TIE V. PENG CHAN ET AL.** | | |

The second alleged misrepresentation—that Sandhu and Sharda promised to return Plaintiff's investment money upon his request—meets Rule 9(b)'s heightened pleading standard. Plaintiff alleges that on March 5, 2013, Sandhu and Sharda orally confirmed that Plaintiff's $500,000 would be returned to him upon his request. (FAC ¶ 14.) Plaintiff also alleges that Sandhu and Sharda represented the same in writing on April 12, 2013. (*Id.* ¶ 15.) Finally, Plaintiff alleges Sandhu and Sharda knew these representations were false because they had no intent to refund Plaintiff's money. (*Id.* ¶ 48.) These allegations are sufficient under Rule 9(b). The FAC notifies Sandhu and Sharda of the fraud claim's nature and allows these defendants to prepare an adequate answer. *See Odom*, 486 F.3d at 553

Although this alleged misrepresentation satisfies Rule 9(b), it lacks plausibility. According to the FAC, Chan told Plaintiff in May 2012 to deposit $500,000 in the bank account he created for MBLT. (FAC ¶ 13.) Between May 18, 2012 and May 23, 2012, Plaintiff deposited the full sum of money. (*Id.*) Sandhu and Sharda did not promise to refund Plaintiff's money until nearly one year later, on March 5, 2013 and again in writing on April 12, 2013. (*Id.* ¶¶ 14–15.) The theory underlying Plaintiff's fraud claim is that Sandhu and Sharda made the alleged misrepresentation "to induce [Plaintiff] to invest in MBLT and its related investment projects." (*Id.* ¶ 48.) But because the alleged misrepresentation occurred nearly one year after Plaintiff deposited the money, it could not have plausibly induced Plaintiff to invest in MBLT. By Plaintiff's own allegations, he had already decided to invest in MBLT months before Sandhu or Sharda promised him anything.

The Court notes that Plaintiff's breach of oral contract claim alleges Sandhu and Sharda orally promised in February 2012 to refund Plaintiff's money upon his request. (*Id.* ¶ 66.) Plaintiff argues this allegation is sufficient to show Sandhu and Sharda induced his $500,000 investment. (*See* Pl.'s Opp'n to Sandhu and Sharda's Mot. to Dismiss at 12.) The Court recognizes that the Federal Rules of Civil Procedure expressly permit alternative pleading. *See* Fed. R. Civ. P. 8(d). The Court also recognizes that a plaintiff may therefore allege factually inconsistent theories of recovery. *See, e.g.*, *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007). Nevertheless, this general allegation fails to satisfy Rule 9(b). Although Plaintiff has alleged when Sandhu and Sharda made this promise, he has not alleged facts demonstrating what was false or misleading about the February 2012 promise, or why it was false. (*See* FAC ¶¶ 65–68.)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14–01211 BRO (RZx)** | Date | December 12, 2014 |
|---|---|---|---|
| Title | **LING TIE V. PENG CHAN ET AL.** | | |

Nor has Plaintiff identified Sandhu and Sharda's individual roles in the allegedly fraudulent scheme. In short, paragraph 66 fails to "set forth *more* than the neutral facts necessary to identify the transaction." *Vess*, 317 F.3d at 1106 (internal quotation marks omitted). Accordingly, it cannot form the basis for Plaintiff's fraud claim. *Id.*

In sum, Plaintiff has failed to adequately allege a fraud claim against either Sandhu or Sharda. The allegations lack particularity and plausibility. To the extent Plaintiff bases his fraud claim on misrepresentations made in February 2012, the claim is **DISMISSED without prejudice**, and the Court grants Plaintiff leave to amend to satisfy Rule 9(b). But to the extent Plaintiff bases his fraud claim on representations made after May 2012, Plaintiff cannot plausibly demonstrate justifiable reliance because he had already invested in MBLT. This defect is fatal to Plaintiff's fraud claim and cannot be cured by amendment. The Court therefore **DISMISSES** Plaintiff's fraud claim **with prejudice** to the extent it alleges Sandhu and Sharda fraudulently misrepresented their intent to return Plaintiff's money after May 2012.[11]

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Chan's Motion to Dismiss with respect to Plaintiff's second claim for the unauthorized practice of law. The Court also **DENIES** Sandhu and Sharda's Motion to Dismiss to the extent it seeks dismissal of this matter under Rule 12(b)(7). Sandhu and Sharda's Motion to Dismiss pursuant to Rule 12(b)(6) is **GRANTED in part and DENIED in part**. Plaintiff's fifth claim is **DISMISSED with prejudice** with respect to Sandhu and Sharda. Plaintiff's sixth claim is also **DISMISSED with prejudice** to the extent it alleges Sandhu and Sharda made fraudulent misrepresentations after May 2012. The hearing set for Monday, December 15, 2014 is VACATED.

**IT IS SO ORDERED.**                                    _____ : _____

---

[11] Plaintiff also names Chan as a defendant to the fraud claim and alleges he made material misrepresentations to induce Plaintiff to invest in MBLT. (*See* FAC ¶¶ 46–54.) The Court has not considered whether the FAC adequately alleges a claim for fraud against Chan. Accordingly, this Order does not affect that claim's viability.

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 14–01211 BRO (RZx)** | Date | December 12, 2014 |
|----------|---------------------------|------|-------------------|
| Title | **LING TIE V. PENG CHAN ET AL.** | | |

| | Initials of Preparer | rf |
|--|--|--|